IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JEFFREY EDWARD MOSS,** : | |
| : | |
| Plaintiff, : | |
| VS. : | |
| : | NO. 5:16-CV-00010-MTT-MSH |
| **ALLEN RUSTY KNOX,** *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Jeffrey Edward Moss, who is presently confined at the Monroe County Jail in Forsyth, Georgia, filed a complaint under 42 U.S.C. § 1983 (ECF No. 1), a motion to proceed without prepayment of the filing fee (ECF No. 2), and a Court-ordered prison trust fund account statement (ECF No. 10). *See* 28 U.S.C. § 1915(a). Plaintiff also filed a motion requesting a court order allowing Plaintiff to access the prison's law library (ECF No. 14), a motion to have one of the Defendants in this case arrested for perjury (ECF No. 18), and a motion for a preliminary injunction to enjoin his ongoing criminal proceedings (ECF No. 21). The undersigned reviewed Plaintiff's submissions, and for the following reasons **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and **RECOMMENDS** that Plaintiff's motion for a preliminary injunction be **DENIED**. The undersigned further **DENIES** Plaintiff's remaining pending motions. Plaintiff is also be required to pay an initial partial filing fee and supplement his Complaint, as described below.

I.      **Motion to Proceed** *in forma pauperis*

Plaintiff moved for leave to proceed without prepayment of the Court's filing fee. Based on Plaintiff's submissions, the undersigned finds that Plaintiff is unable to pre-pay the entire filing fee at this time. Plaintiff, however, should be able to pre-pay at least a portion of the filing fee. Plaintiff's trust account certification reveals that he has had average monthly deposits of $48.33 for the last six months. Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is thus **GRANTED**, but pursuant to 28 U.S.C. § 1915(b)(1)(B), it is **ORDERED** that Plaintiff pay an initial partial filing fee of $9.67. Plaintiff is also required to pay the remaining $340.33 of the filing fee under the payment plan set forth 28 U.S.C. § 1915(b). The filing fee is not refundable, regardless of the outcome of this case. Plaintiff is therefore responsible for paying the entire fee even if his case is dismissed prior to service. If circumstances have changed and Plaintiff is no longer able to pay the initial filing fee as ordered, Plaintiff should submit a renewed motion to proceed *in forma pauperis* explaining the change in circumstances to the Court. Plaintiff has **TWENTY-ONE (21) DAYS** from the date shown on this Order to pay a partial filing fee of $9.67.

II.     **Order to Supplement**

Plaintiff contends that Defendants Blanks and Henderson, a police investigator and sergeant, executed a search warrant at Plaintiff's home and seized electronics found there. Compl. 5, ECF No. 1. During Plaintiff's preliminary hearing, Plaintiff alleges that Defendant Blanks perjured himself by stating that Plaintiff had been looking at a website containing child pornography, presumably on the seized electronic devices. *Id.* Plaintiff


contends that Defendant Knox, his public defender, "made no attempt to defend" Plaintiff during the preliminary hearing. *Id.* at 6. Apparently, Plaintiff grew unhappy with Defendant Knox's representation and grew to believe that Defendant Knox was not providing him with effective assistance of counsel. *See id*. at 6. Plaintiff also alleges he believes Defendants Blanks, Knox, Smith, and Milan (the district attorney) have conspired against him. *Id.* at 7. Plaintiff seeks a new attorney, that all Defendants be "fired, their rights taken away as lawyers, and pros[e]cuted to the fullest extent of the law," and compensatory damages as a result of these alleged constitutional violations.

It appears Plaintiff may be attempting to state § 1983 claims for false arrest and/or malicious prosecution. The circumstances surrounding Plaintiff's arrest are unclear, however, and thus the undersigned cannot determine which type of claims Plaintiff seeks to bring in this action. *See, e.g., Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) (distinguishing between a claim for false arrest, which remedies "detention without legal process," and malicious prosecution, "which remedies detention accompanied . . . by *wrongful institution* of legal process" (emphasis in original)). Accordingly, Plaintiff is **ORDERED** to supplement his Complaint to provide the Court with additional factual details about the circumstances of his arrest, including but not limited to whether Plaintiff was arrested with a warrant or whether the arrest was warrantless; the dates of arrest and any relevant hearings or actions in the criminal case (e.g., arraignment, preliminary hearing, etc.); and the crimes for which Plaintiff was arrested and charged. Plaintiff should supplement his Complaint to include these factual allegations within **TWENTY-ONE (21) DAYS** of the date of this Order.

### III. Motion for Preliminary Injunction

Plaintiff also filed a motion for preliminary injunction in which he seeks an order from this Court "commanding the Towaliga Judicial Circuit to cease and [de]sist immediately" his trial. Mot. Prelim. Inj. 1, ECF No. 21. As a preliminary matter, the Court did not receive Plaintiff's motion until after the date Plaintiff's trial was to commence. It would therefore appear that Plaintiff's motion is now moot. In addition, however, Plaintiff has failed to adequately plead the necessary requirements for obtaining preliminary injunctive relief. A preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). A preliminary injunction is appropriate where the movant demonstrates (1) there is a substantial likelihood of success on the merits; (2) the preliminary injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the preliminary injunction would inflict on the non-movant; and (4) the preliminary injunction would not be adverse to the public interest. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam).

Even construing Plaintiff's allegations liberally, Plaintiff has failed to meet his burden to establish each of these elements. *See S. Monorail Co. v. Robbins & Myers, Inc.*, 666 F.2d 185, 186 (5th Cir. Unit B 1982) ("A preliminary injunction may not issue unless the movant carries the burden of persuasion as to all four prerequisites."). It is entirely unclear from Plaintiff's pleadings that Plaintiff will be successful on the merits of

4

his case. Plaintiff wishes to enjoin an ongoing state criminal proceeding. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court explained that federal courts must refrain from intervening with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Id.* at 53. *Younger* abstention is thus required where (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See, e.g., Newsome v. Broward Cty. Pub. Defs.*, 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam); *see also Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (extending *Younger* to § 1983 actions for money damages).

In this case, it is evident from Plaintiff's Complaint that his criminal proceedings are pending, and any decision by this Court with respect to the constitutional issues raised by Plaintiff would substantially interfere with, and perhaps undermine, the decisions reached by the state court in the pending criminal proceedings. *See Newsome*, 304 F. App'x at 816 (noting that the relevant inquiry with respect to the first *Middlesex* factor is "whether the federal proceeding will interfere with an ongoing state court proceeding" (internal quotation marks omitted)); *see also Watson v. Fla. Judicial Qualifications Com'n*, 618 F. App'x 487, 490 (11th Cir. 2015) (per curiam). The pending criminal proceedings also implicate the state's important interest in prosecuting those who have violated its criminal laws. *See, e.g., Juidice v. Vail*, 430 U.S. 327, 335 (1977) (recognizing important state interest in the enforcement of its laws). And Plaintiff has failed to meet his burden of showing that the state proceeding will not provide him with

an adequate opportunity to raise his claims regarding the sufficiency of his warrant. *See Watson*, 618 F. App'x at 490 (noting that federal courts should assume that the state procedures provide an adequate remedy absent "unambiguous authority" to the contrary).

Thus, to succeed on his motion for a preliminary injunction, Plaintiff must show the likely applicability of an exception to the *Younger* doctrine and "the likely existence of a constitutional violation causally related to the result sought to be enjoined." *Wilson v. Thompson*, 593 F.2d 1375, 1384-85 (5th Cir. 1979). *Younger* abstention may not be required where "(1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate state forum where the constitutional issues can be raised." *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004). Beyond conclusory and factually unsupported allegations that Defendants acted with malice and "the intent to inflict grievous harm," Plaintiff has not shown that his pending state proceedings were motivated by bad faith; that any special circumstances exist which create a threat of irreparable harm if this Court fails to intervene in his ongoing criminal prosecution; or that he will be somehow deprived of an adequate forum where his constitutional challenges can be addressed. The fact that Plaintiff must endure a state criminal prosecution fails to demonstrate irreparable harm. *See Younger*, 401 U.S. at 46. Thus, at this stage Plaintiff has not shown that he has a substantial likelihood of success on the merits of his underlying claims.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's motion for preliminary injunction (ECF No. 21) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the

Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## IV.   Additional Pending Motions

Plaintiff also filed a motion for an order to require the Monroe County Sheriff's Office to allow Plaintiff access to the law library (ECF No. 14) and a motion to require the arrest of Defendant Blanks on perjury charges (ECF No. 18).  The United States District Courts have no authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions.  *See Otero v. U.S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) (per curiam).  Plaintiff, a private citizen, likewise has no power to originate criminal pleadings on his own initiative.  *Id.*  As such, Plaintiff's motion to arrest Defendant Blanks is **DENIED.**

To the extent Plaintiff seeks access to the law library, prisoners simply do not have an "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  A State must, however, provide an inmate with either "adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 355-56.  In response to Plaintiff's grievance complaining about lack of access to a law library, prison officials responded that Plaintiff is given "access to his attorney who is trained in the

7

law" to assist Plaintiff with legal questions he may have. Mot. Access Law Library Attach. 1, ECF No. 14-1. Plaintiff has not shown how such assistance is inadequate. Thus, Plaintiff's motion for access to the law library is likewise **DENIED.**

## V.    Conclusion

In sum, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, but Plaintiff will be required to pay an initial partial filing fee of $9.67. The undersigned **RECOMMENDS** that Plaintiff's motion for preliminary injunction (ECF No. 21) be **DENIED** and also **DENIES** Plaintiff's remaining pending motions (ECF Nos. 14, 18). Plaintiff must also supplement his Complaint as described herein.

Plaintiff must (1) pay the required initial partial filing fee of and (2) supplement his Complaint as described herein within **TWENTY-ONE (21) DAYS** of the date of this Order. While this action is pending, Plaintiff shall immediately inform the Court in writing of any change in his mailing address. Failure to fully and timely comply with this Order may result in the dismissal of Plaintiff's Complaint. There will be no service of process in this case until further order.

SO ORDERED and RECOMMENDED, this 1st day of March, 2016.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE