IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEFFREY EDWARD MOSS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-10 (MTT) |
| ALLEN RUSTY KNOX, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Recommendation (Doc. 57) of United States Magistrate Judge Stephen Hyles concerning Plaintiff Jeffrey Edward Moss's Complaint (Doc. 1). After screening the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommends the Plaintiff's malicious prosecution claims against Defendants Adam Blanks and Sergeant Allen Henderson regarding the illegal weapons and child exploitation charges be allowed to proceed. Doc. 57 at 8. The Magistrate Judge also recommends the claim against Defendant Carolyn Prescott ("Nurse Carolyn") regarding denial of dental care be allowed to proceed. *Id.* at 19-20. The Magistrate Judge recommends that the Plaintiff's remaining claims be dismissed. The Plaintiff has objected to all the findings in the Recommendation. Doc. 71. Thus, the Court has performed a de novo review of those findings and **adopts** the findings, conclusions, and recommendations of the Magistrate Judge.

In his Objection, the Plaintiff attempts to state new allegations concerning his deliberate indifference to medical needs claim by clarifying those claims were against

Dr. Stanley J Hickman.  *Id.* at 8; 17; 36.  The Court reads this as a motion to amend, which the Court **DENIES**.  Although leave to amend should be freely granted, "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (quotation marks and citation omitted).  Here, the Plaintiff's additional allegations regarding his denial of medical treatment claims are futile because he fails to specifically allege the nature and severity of his medical needs as well as how Dr. Hickman failed to address those needs.  *See Farrow v. West*, 320 F.3d 1235, 1243-1248 (11th Cir. 2003).  Thus, even considering the additional allegations, the Plaintiff fails to state a claim and, therefore, the Court adopts the Magistrate Judge's findings as to this claim.  The remainder of the Plaintiff's objections are duplicative of the allegations contained in his previous filings, which the Magistrate Judge considered in making the findings that the Court now adopts.

Accordingly, the Plaintiff's denial of dental care claim against Defendant Prescott and his malicious prosecution claims against Defendants Blanks and Henderson regarding the illegal weapons and child exploitation charges are allowed to proceed for further factual development.  The Plaintiff's remaining claims against Defendants Blanks, Henderson, and Prescott as well as his claims against all other defendants are **DISMISSED without prejudice**.

## MOTION TO APPOINT COUNSEL

Additionally, the Plaintiff appears to object to the Magistrate Judge's denial of his Motions to Appoint Counsel (Docs. 49, 52), and again moves for appointment of counsel.  Doc. 71 at 44.  After careful consideration, the Court finds that appointment of

counsel is unwarranted because the issues are neither factually nor legally complex. *See Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) ("Appointment of counsel in a civil case is not a constitutional right."). Thus, the Court adopts the Magistrate Judge's finding and **DENIES** the Motion to Appoint Counsel.

## PENDING MOTIONS TO AMEND

After objecting to the Recommendation, the Plaintiff filed three motions to amend or add documents in an apparent attempt to cure the failures in his complaint.[1] Docs. 72; 77; 80. As stated, "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall*, 367 F.3d at1263 (quotation marks and citation omitted). The allegations in the pending motions to amend are duplicative of those contained in the Plaintiff's previous filings and fail to state a claim for relief. Accordingly, those motions to amend (Docs. 72; 77; 80) are **DENIED**. Additionally, the Plaintiff has filed another Motion to Amend (Doc. 81) in response to the Defendants' Motion to Dismiss (Doc. 73). Like the Plaintiff's previous motions to amend, this motion is duplicative of his previous allegations and fails to state a claim for relief. Accordingly, amendment would be futile and therefore that motion (Doc. 81) is also **DENIED**.

**SO ORDERED**, this 20th day of April, 2017.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT

---

[1] Prior to the Recommendation, the Magistrate Judge granted three motions to amend (Docs. 38, 39, 42) and the Plaintiff subsequently filed numerous pleadings purporting to amend or supplement his allegations (Docs. 44, 45, 46, 48, 50, 53, 54, 55), which the Magistrate Judge considered.