IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| JEFFREY EDWARD MOSS, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:16-CV-10 (MTT) |
| | ) | |
| ADAM BLANKS, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

United States Magistrate Judge Stephen Hyles recommends that Defendants Adam Blanks and Sergeant Allen Henderson's motion for summary judgment (Doc. 103) and Defendant Carolyn Prescott's motion to dismiss for failure to exhaust administrative remedies (Doc. 73) be granted. Doc. 129 at 1, 15. Moreover, the Magistrate Judge recommends that Plaintiff Jeffrey Edward Moss's motion to amend (Doc. 126) be denied. *Id.* at 1, 14-15. Moss has objected to the Recommendation. Doc. 133. Accordingly, pursuant to 28 U.S.C. § 636(b)(1), the Court has performed a de novo review of the portions of the Recommendation to which Moss objects. Moss's only objection relates to the Magistrate Judge's finding that Moss did not respond to the order to supplement the record regarding his exhaustion of administrative remedies. *Id.* at 1. Moss references his "Motion to Dismiss Summary Judgment" as constituting such a response. *Id.* It appears Moss is referring to one of his many responses to Blank and Henderson's summary judgment, but, regardless, none of these responses are

responsive to the Court's order to supplement the record regarding Defendant Prescott's motion to dismiss for failure to exhaust administrative remedies.  *See* Docs. 107-113.  The Court agrees with the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the order of this Court.  Prescott's motion to dismiss for failure to exhaust administrative remedies (Doc. 73) and Blanks and Henderson's motion for summary judgment (Doc. 103) is **GRANTED**.  Moss's claims against Prescott are **DISMISSED without prejudice**[1] for failure to exhaust administrative remedies, and his claims against Blanks and Henderson are **DISMISSED with prejudice**.  Moss's motion to amend (Doc. 126) is **DENIED**.

    **SO ORDERED**, this 8th day of March, 2018.

                                          S/ Marc T. Treadwell
                                          MARC T. TREADWELL, JUDGE
                                          UNITED STATES DISTRICT COURT

---

[1] The applicable two-year statute of limitations may have run.  Therefore, the dismissal may, in effect, be with prejudice.  *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981).  Some circuits have held that equitable tolling applies while a prisoner exhausts his administrative remedies, but the Eleventh Circuit has not made such a holding.  *See Napier v. Preslicka*, 314 F.3d 528, 534 n.3 (11th Cir. 2002) (citing *Clifford v. Gibbs*, 298 F.3d 328, 332-33 (5th Cir. 2002)); *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001).  The Eleventh Circuit has, however, suggested that Georgia's renewal statute, O.C.G.A. § 9-2-61, applies in 42 U.S.C. § 1983 cases.  *See Scott v. Muscogee Cty.*, 949 F.2d 1122, 1123 (11th Cir. 1992).  Regardless, even if Moss is barred from refiling this claim, dismissal is appropriate.  Moss was advised of the consequences of a motion to dismiss for failure to exhaust administrative remedies, instructed to supplement the record as to the issue of exhaustion, and given an opportunity to do so.  Doc. 119.  Moss has not supported his claims that he was preventing from exhausting his administrative remedies, and thus the record supports the conclusion that he in fact did not exhaust those remedies.  *See Bryant v. Rich*, 530 F.3d 1368, 1375 n.11 ("We do not mean to say today that a failure to exhaust can never correctly result in a dismissal with prejudice." (citing *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005); *Berry v. Kerik*, 366 F.3d 85, 87-88 (2d Cir. 2004))).